UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

JUN 5 2014

PER _____
DEPUTY CLERK

RUBEN FLORES, :
:
Petitioner :
:
v. : CIVIL NO. 3:CV-14-1071
:
WARDEN, USP ALLENWOOD, : (Judge Kosik)
:
Respondent :

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by Ruben Flores ("Flores"), a federal inmate incarcerated at the United States Penitentiary at Allenwood, Pennsylvania. He has paid the required filing fee. While somewhat difficult to decipher, it appears that Flores is challenging his 2011 conviction and sentence in the United States District Court for the Western District of Texas following a guilty plea to the charges of (1) Conspiracy to Possess with Intent to Distribute Cocaine and (2) Conspiracy to Possess with Intent to Distribute Heroin, both in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). For the reasons set forth below, the petition will be dismissed.

I. **Background**[1]

On September 7, 2011, Flores pled guilty to the charges listed above. He was sentenced by the United States District Court for the Western District of Texas on December 19, 2011, to a concurrent term of imprisonment of 360 months, to be followed by a 10 year term of supervised release. Flores thereafter filed a direct appeal with the Fifth Circuit Court of Appeals on December 21, 2011, and his conviction and sentence were affirmed on September 11, 2013. He then filed a "Petition for Writ of Habeas Corpus" challenging his conviction and sentence in the United States District Court for the Western District of Texas on October 3, 2013. Although he did not label his pleading as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, the court found the relief he sought was more properly raised in such a motion. After explaining to Flores that § 2255 provides the primary means of collateral attack on a federal sentence, and because the record revealed that Flores had not filed a prior § 2255 motion with respect to his sentence, the sentencing court issued an order advising Flores of their intent to re-characterize his filing as a § 2255 motion, and providing him time within which to: (1) withdraw

---

[1] The facts set forth herein are gathered from the instant petition and attachments thereto, as well as from information learned through a previous § 2241 action filed by Flores in this court on December 16, 2013. See Flores v. Warden, USP Allenwood, Civil Action No. 3:CV-13-3012. The court has also accessed the PACER website, Public Access to Court Electronic Records, located at http://www.pacer.gov.

2

his present motion; (2) file a notice of consent stating that he wishes to proceed on the filing as a § 2255 motion; or (3) allowing him to amend his filing to contain all § 2255 claims he believes he has. On October 25, 2013, Flores notified the sentencing court that he did not wish for his petition for writ of habeas corpus to be construed as a § 2255 motion, and made it clear that he intended to pursue relief pursuant to 28 U.S.C. § 2241.

Based on the foregoing, the United States District Court for the Western District of Texas vacated its construction of Flores' habeas petition as a § 2255 motion, and allowed it to proceed as a petition filed pursuant to 28 U.S.C. § 2241. In analyzing the § 2241 petition, the court found that Flores was attempting to challenge the District Court's application of sentencing enhancements under the United States Sentencing Guidelines and that the district of Flores' incarceration (United States District Court for the Middle District of Pennsylvania) is the only district that would have jurisdiction to entertain his § 2241 petition. As such, the petition was dismissed for lack of jurisdiction, and Flores was informed that he could file his petition in the Middle District of Pennsylvania, if he wished to do so.

On December 16, 2013, Flores filed a petition for writ of habeas corpus pursuant to § 2241 in this court wherein he challenged his Western District of Texas conviction and sentence. On December 19, 2013, the petition was dismissed for lack of jurisdiction for the following reasons. (See Doc. 3 in Civ. No. 13-3012.)

3

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. <u>Okereke v. United States</u>, 307 F.3d 117 (3d Cir. 2002)(citing <u>Davis v. United States</u>, 417 U.S. 333, 342 (1974)); see <u>In re Dorsainvil</u>, 119 F.3d 245 (3d Cir. 1997). Once relief is sought via section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see <u>Dorsainvil</u>, 119 F.3d at 251-52. Importantly, § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See <u>id</u>. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. <u>Cradle v. United States</u>, 290 F.3d 536, 539 (3d Cir. 2002); <u>United States v. Brooks</u>, 230 F.3d 643, 647 (3d Cir. 2000); <u>Dorsainvil</u>, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. <u>Application of</u>

4

Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In his § 2241 petition Flores attempted to raise claims that clearly fall within the purview of § 2255. As noted above, he may not raise such claims in a § 2241 petition without establishing that the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. This court found that he was clearly unable to establish inadequacy or ineffectiveness, as he had not previously filed a § 2255 motion in the District Court for the Western District of Texas, where such claims could have been pursued. In fact, as evidenced above, when Flores filed a petition for writ of habeas corpus in the Western District of Texas, the court advised him that a § 2255 motion was the exclusive means of collaterally attacking his federal sentence, and provided him with the opportunity to have his petition re-characterized as a § 2255 motion. It was also noted by the Western District Court that Flores had not previously filed a § 2255 motion with respect to the conviction/sentence currently being challenged. Flores chose not to do so, but rather to pursue his claims in a § 2241 petition.

Because Flores failed to raise his challenges to his conviction/sentence in the Western District of Texas District Court, this court found in addressing his first § 2241 petition that he did not establish the inadequacy or ineffectiveness of the § 2255 remedy. To the contrary, the Western District Court advised him of the need to file a motion pursuant to § 2255 and offered the opportunity to have his petition re-

5

characterized as a motion filed under § 2255. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Further, in addressing his first § 2241 petition filed in this court, we verified that Flores has not pursued § 2255 relief in the Western District of Texas with respect to the challenged conviction/sentence. See http://www.pacer.gov.[2] Consequently, the court dismissed his first § 2241 petition for lack of jurisdiction.

Flores now files a second § 2241 petition attempting to raise the same challenges to his Western District of Texas conviction and sentence as set forth in his first § 2241 petition. He does not state that he has sought to pursue these matters via a § 2255 motion, or if he has done so and been denied, that he has sought leave from the appropriate circuit court to file a second or successive § 2255 motion. The fact that he has done neither has been verified by accessing PACER. Thus, he stands before the court in the same position as he was when he filed his first § 2241 petition here on December 16, 2013.

## II. Discussion

The instant petition constitutes an abuse of the writ, as this is the second § 2241 petition Flores has filed wherein he improperly seeks the same relief from his

---

[2] Further, even if Flores had filed a § 2255 motion with the Western District Court of Texas, there is also no indication that he ever filed a motion with the Fifth Circuit Court of Appeals seeking permission to file a second or successive § 2255 motion.

judgment of sentence. Thus, the petition is subject to dismissal under the abuse of the writ doctrine, described by the Supreme Court in McCleskey v. Zant, 499 U.S. 467, 491-92 (1991). See also, Zayas v. Immigration & Naturalization Serv., 311 F.3d 247 (3d Cir. 2002). Even if Flores had not filed his previous § 2241 petition in this court, the instant petition would also be subject to dismissal on the basis of lack of jurisdiction for the reasons set forth above and discussed in this court's Memorandum and Order of December 19, 2013 in Civil Action No. 13-3012. An appropriate order follows.